UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFREY L. HOWARD, ) | CASE NO. 1:12 CV 379 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| NEIL TURNER, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On February 16, 2012, Petitioner *pro se* Jeffrey L. Howard[1] filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Howard is incarcerated in an Ohio penal institution, having been convicted in October 1994, pursuant to a guilty plea, on four counts of attempted rape. As grounds for the Petition, he asserts: 1) the trial judge's participation in the "plea agreement proceeding" violated his Fifth, Sixth and Fourteenth Amendment rights; 2) his trial counsel rendered ineffective assistance in the sentencing phase; and 3) appellate counsel rendered ineffective assistance in not including obvious and strong issues on appeal. For the reasons stated below, the Petition is denied and this action is dismissed.

The Petition reflects that Howard filed a postconviction motion in 2010, the nature of which he does not specify, which was denied *sua sponte* by the trial court.[2] The Petition further indicates

---

[1] Petitioner's first name is misspelled in the Petition as "Jeffery."

[2] The postconviction motion, filed April 13, 2010, was a Motion to Withdraw
(continued...)

that a Motion for Delayed Appeal was also filed in 2010, and that it was denied *sua sponte* by the Ohio Court of Appeals. Finally a Motion for Delayed Appeal was denied by the Ohio Supreme Court on February 16, 2011. *State v. Howard*, 127 Ohio St.3d 1544 (2011).

Although the Petition is not specific as to the reasons Howard's efforts in the state courts to attack his convictions - 16 years after he pleaded guilty and was sentenced - were not permitted, this Court can only assume he did not show adequate reasons for his delay or did not otherwise comply with deadline requirements under Ohio law.[3] *See, e.g., Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)(federal habeas court should assume state court which is silent concerning reason for denying claim applied relevant state procedural rules in doing so). It is obvious Howard was procedurally barred from raising the grounds in the state court that he seeks to raise herein.

If a procedural bar in the state court exists, this Court will not consider the claims unless a petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also*, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). No such showing is even suggested by the Petition.

Even absent Howard's procedural default, his Petition is patently untimely under 28 U.S.C. § 2244(d)(1), which places a one year limit to file a habeas action after the conviction becomes final. His 2010 Motions for Delayed Appeal and postconviction motion - all obviously unavailing because of their gross untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action. *See, Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)(filing of delayed appeal to Ohio

---

[2] (...continued)
Guilty Plea and Vacate Conviction and Sentence. *See, State v. Jeffrey L. Howard*, CR-94-313087,
http://cpdocket.cp.cuyahogacounty.us/p_CR_Docket.aspx

[3] *See* Ohio Rev.Code § 2953.23, regarding limited exceptions to180 day deadline for filing postconviction relief motion; *see also*, Ohio R.App.P. 5(A)(2), regarding requirement that a defendant provide adequate reasons for filing direct appeal outside 30 day time limit.

Supreme Court does not cause federal habeas statute of limitations to begin running anew); *Robinson v. Moore*, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition would be subject to dismissal as time-barred in any event.

Accordingly, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/16/12